

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 28, 2022**

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE: <br> JAMES ALLEN BENGE <br>     Debtor. <br><br> HERTZ ELECTRIC, LLC AND HTJ GLOBAL ELECTRIC, LLC, <br>     Plaintiffs, <br><br> v. <br><br> JAMES ALLEN BENGE <br>     Defendant. | CASE NO. 22-30286 <br><br><br><br> CHAPTER 7 <br><br><br><br><br><br><br> ADV. PROC. NO. 22-03055 |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On December 12, 2022, came on to be heard the plaintiffs' motion for summary judgment by which plaintiffs Hertz Electric, LLC and HTJ Global Electric, LLC seek a judgment that the debt to plaintiffs represented by a state court judgment entered on October 17, 2019 by the 160th Judicial District Court of Dallas County, Texas awarding plaintiffs damages in the amount of $129,361.04 is not dischargable in the debtor's chapter 7 case pursuant to sections 523(a)(2)(A), 523(a)(4), and 523(a)(6) of the Code.

1

This court held a hearing on the December 12, 2022, at which time the parties presented oral argument. The parties also filed briefs in support of their positions.

This adversary proceeding is subject to the court's core jurisdiction pursuant to 28 U.S.C. §§1334 and 157. Venue is appropriate under 28 U.S.C. §§1408 and 1409. This memorandum opinion includes the court's findings and conclusions. Fed. R. Bankr.P. 7052.

For the reasons set forth below, plaintiffs' motion is granted in part and denied in part.

I.

On March 29, 2016, an entity wholly owned by the debtor called Benge General Contracting, LLC ("BGC") filed a state court lawsuit against the plaintiffs which was styled as *Benge General Contracting, LLC v. Hertz Electric, LLC, et al.*, Cause No. DC-16-03630, 160th District Court, Dallas County, Texas.

The plaintiffs responded to the state court lawsuit from BGC with counterclaims against the debtor James Benge and BGC for breach of contract and fraud. As part of their counterclaims, the plaintiffs sought a finding that BGC was the alter ego of the debtor. The finding of alter-ego liability against the debtor was based upon an allegation of actual fraud by debtor in using BGC as a sham to perpetuate a fraud against the plaintiffs.

During trial, on August 28, 2019, upon motion by the plaintiffs, the court granted a directed verdict against BGC, and in favor of the plaintiffs, regarding BGC's affirmative claims against the plaintiffs.

On August 30, 2019, the jury returned a verdict in favor of the plaintiffs' remaining counterclaims finding that BGC was liable for breach of contract, fraud, and attorneys' fees. Further, the jury found that the debtor was the alter ego of BGC and that the debtor was jointly and severally liable for the entire amount of the state court judgment. The total principal amount

of the judgment is $129,361.04, plus pre- and post- judgment interest and costs. The court further awarded $111,981.25 in attorneys' fees.

Although the debtor and his co-defendant BGC would later appeal the entire amount of the state court judgment, the court of appeals reversed only the trial court's award of attorneys' fees. The state court judgment was affirmed in all other respects, including the findings of fraud which imputed liability for the entire judgment on the debtor individually. As such, the debtor is now liable personally and individually for a judgment in the amount of at least $129,61.04 plus pre-judgment interest, post-judgment interest, and costs of court.

## II.

The debtor filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code on February 24, 2022.

On June 3, 2022, the Plaintiffs filed their Complaint Objecting to Discharge and to Determine Dischargeability of Debt in connection with the entire amount of the state court judgment debt against the debtor.

On October 20, 2022, plaintiffs filed a motion for summary judgment regarding their objection to discharge. By their motion, the creditors request summary judgment on their objection to discharge of the entire state court judgment debt pursuant to 11 U.S.C. §523(a)(2)(A), (a)(4), and (a)(6).

## III.

Summary judgment should be entered for the moving party when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). Material facts are

3

those that will affect the outcome of the lawsuit. *Anderson*, 477 U.S. at 248. Issues of material fact are "genuine" only if they require resolution by a trier of fact. *Taita*, 246 F.3d at 385; *see also Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1413 (5th Cir. 1993) ("mere disagreement" between parties is not enough to create a genuine dispute).

Once the moving party shows the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to designate specific facts establishing an issue for trial. *Celotex Corp.*, 477 U.S. at 324; *Taita Chem. Co.*, 246 F.3d at 385. A genuine dispute requires more than "some metaphysical doubt as to the material facts." *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Specifically, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks deleted).

Summary judgment is not a disfavored procedural shortcut, but rather is designed to secure the just, speedy, and inexpensive determination of every action. *Celotex Corp.*, 477 U.S. at 327.

11 U.S.C. §523, entitled Exceptions to Discharge, states as follows:

> (a) A discharge under Section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> …
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>
> …
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
> …
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

4

11 U.S.C.A. § 523.

Finally, the doctrine of collateral estoppel applies in bankruptcy dischargeability actions. *Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). The elements of collateral estoppel as applied under Texas law are as follows: (1) The facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 181 (5th Cir.1997). (*citing Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984)). Each of these elements will be applied to the matter presently before the court.

## IV.

The plaintiffs allege in their complaint that the state court judgment debt is nondischargeable pursuant to §§ 523(a)(2)(A), (4), and (6). Accordingly, the factual underpinnings of the adversary proceeding center on whether the debt was incurred through the actual fraud of the debtor, through fraud while he was acting in a fiduciary capacity, or through his willful and malicious conduct. This court must determine whether the issues of actual fraud and fraud while acting in a fiduciary capacity were fully and fairly litigated in the Texas state court action.

In its motion for summary judgment, the plaintiffs allege that the state court action was tried before a jury, and that a unanimous verdict was returned in favor of the plaintiffs. This allegation is undisputed. Attached to the brief and appendix in support of plaintiffs' motion as Exhibit "B" is a copy of the trial court's charge to the jury and fourteen special interrogatories, denominated as Jury Questions, which were submitted to the jury. The court's charge to the jury states that the case is being submitted by asking questions about the facts which must be decided

5

"only on the evidence admitted in court and on the law that is these instructions and questions."

Jury Question No. 4, which concerns the debtor's actual fraud, is set forth in full as follows:

> Did either Benge General Contracting or James Benge commit fraud against The Hertz Defendants?
>
> Fraud occurs when:
> 1) a party makes a material misrepresentation, and
> 2) the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and
> 3) the misrepresentation is made with the intention that it should be acted on by the other party, and
> 4) the other party relies on the misrepresentation and thereby suffers injury.
>
> Misrepresentation means:
> 1) a false statement of fact, or
> 2) a promise of future performance made with an intent, at the time the prose was made, not to perform as promised,
> 3) or a statement of opinion based on a false statement of fact, or a statement of opinion that the maker knows to be false, or
> 4) an expression of opinion that is false, made by one who has, or purports to have, special knowledge of the subject matter of the opinion, or
>    a. special knowledge means knowledge or information superior to that possessed by the other party and to which the other party did not have equal access.
>
> Answer "Yes" or "No" with respect to Benge General Contracting and James Benge.
>
> Plaintiff Benge General Contracting LLC          Answer: YES
>
> Third Party Defendant James Benge                Answer: YES

It is clear from the undisputed record before this court that the state court judgment against the debtor was obtained only after a trial and deliberations by a jury based on the evidence admitted. The jury specifically found that the debtor committed actual fraud against the plaintiffs/creditors.

6

The standards of actual fraud and/or fraud by failure to disclose a material fact, as set forth in Jury Question No. 4, are identical to the standards which would be applied by this court in a §523(a)(2)(A) nondischargeability trial. Accordingly, this court finds that the facts sought to be litigated in this adversary proceeding concerning actual fraud by the debtor, were fully and fairly litigated in the prior state court action. The court further finds that those facts were essential to the judgment in the state court action, and that the parties in this adversary proceeding were cast as adversaries in the state court action. Since all the elements of issue preclusion are clearly present, the court finds that the debtor is estopped from relitigating, in this court, the issue of actual fraud as it relates to the dischargeability of his judgment debt owed to the plaintiffs.

The debtor argues that collateral estoppel may not apply in this case because it is unclear from the jury verdict whether the jury found actual fraud as defined by Section 523(a)(2)(A). Debtor argues that this section of the Code makes a specific exception for statements "respecting the debtor's or an insider's financial condition." Without citing any evidence or pointing to any place in the record where this exception might exist here, the debtor argues that it is "possible" that the jury may have found fraud based on this exception. The court is not persuaded by this argument. In responding to the summary judgment, the debtor was afforded an opportunity to point out to the court any portion of the prior statement of facts and judgment which he found as not supported by the evidence or any mitigating or contradictory matters that may have appeared therein. Any evidence that debtor had that would have indicated that issue preclusion should not apply in the present proceedings should have been presented at that time. *In re Nix*, 92 B.R. 164, 170 (Bankr. N.D. Tex. 1988); *In re Halpern*, 810 F.2d 1061, 1066 (11th Cir. 1987); *In re McDonald*, 73 B.R. 877, 882 (Bankr. N.D. Tex. 1987). The debtor has not pointed to any evidence in the record that would suggest the finding of actual fraud was based on debtor's financial

condition. The only evidence in the record and before this court is the evidence that it was based on actual fraud.

V.

The application of collateral estoppel to the state court judgment has established that the debtor committed actual fraud. This court must now make a determination relative to the dischargeability of the underlying components of the judgment debt which arose from the fraudulent conduct. The debt assessed against the debtor in the state court judgment is set forth as follows:

> In accordance with the Jury' s findings , Defendants are entitled to a resulting award in the principal amount of (a) $79,361 .04 in connection with Defendants' counterclaim for breach of contract, and (b) $50,000 in connection with Defendants ' counterclaim for fraud, for a total principal amount of $129,361.04 in favor of Defendants against Plaintiff and Third-Party Defendant, which accrues pre-judgment interest beginning on May 20, 2016 at a rate of five and 1/4 percent (5.25%) per annum, as provided by the Texas Finance Code and applicable Texas common law. Defendants are further entitled to an award of all taxable Costs of Court and reasonable and necessary attorney ' s fees against Plaintiff and Third-Party Defendant. Finally, Defendants are entitled to post-judgment interest on all outstanding amounts at the rate of five and 1/4 percent (5.25%) per annum, compounded annually, from the date of Final Judgment until paid in full.

Section 523(a)(2)(A) makes it clear that the compensatory component of a debt arising from actual fraud is nondischargeable. Accordingly, the court finds that the $50,000 portion of the state court judgment attributable to actual fraud is nondischargeable.

VI.

The plaintiffs ask this court to extend our finding of nondischargeability regarding the fraud portion of the state court judgment to encompass the debt for breach of contract, for which the debtor is also jointly and severally liable. Plaintiffs argue that this portion of the state court judgment debt should be deemed nondischarageble under Section 523(a)(2)(A) because the debtor would not have been liable for such debt but for his actual fraud against the Plaintiffs. In support

8

of this position, the plaintiffs point out that the word "actual fraud" is used in Jury Question No. 6 which was answered affirmatively by the jury.

While the court finds plaintiffs' argument novel and interesting, this court has not discovered, and plaintiffs have not provided, any legal authority to show that a debt based solely on breach of contract which is imputed to the debtor through veil piercing remedies under the Texas Business and Commerce Code (*i.e.*, alter ego liability) would *per se* convert such contractual debt to a fraud debt such that it would fall under the scope of Section 523(a)(2)(A) of the Code. Without such authority, this court cannot extend a finding of nondischargeability to the debt incurred based on the breach of contract claim.

The court's finding of nondischargeability, therefore, extends only to the $50,000 and any and all ancillary damages related thereto, including prejudgment and postjudgment interest.

## VII.

As to Plaintiffs' motion for summary judgment as to nondischargeability under §§ 523(a)(4) and (6), Plaintiffs' motion is denied. Plaintiffs do not point to any evidence in the record that would support a finding that any portion of the state court judgment debt was incurred by the debtor for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny or for willful and malicious injury by the debtor to another entity or to the property of another entity.

## VII.

Based on the foregoing analysis, the court concludes that no genuine disputed issues of material fact remain in this case as to nondischargeability of the debt for actual fraud under §523(a)(2)(A). Pursuant to the findings of fact and conclusions of law set forth herein, the $50,000 attributable to the debtor's actual fraud in the state court judgment is nondischargeable, including all pre-judgment and post-judgment interest thereon. Plaintiffs motion is therefore granted in part

with respect to this portion of the debt and the debtor may not seek a discharge of such debt in bankruptcy. Plaintiffs' motion is denied as to the request for nondischargeability under §§ 523(a)(4) and (6).